THEODORE B. GIBBS et al.

*v.*

ELI B. MORGAN et al.

A statute of 1876 authorized the appointment of deputy county clerks, but provided that they should receive no salaries from their respective counties. A statute of 1882 directed that in all counties where the county clerks were then paid by annual salary, the deputy clerk should receive an annual salary of $2,000, payable quarterly. A bill was filed by some taxpayers and citizens of Camden county, alleging that the statute of 1882 was unconstitutional, and thereupon an injunction was issued, restraining the county collector from paying, and the defendant from receiving, as deputy county clerk, any salary thereunder. Pending the suit, the board of freeholders passed a resolution, appropriating $160 per month to the defendant for his services in the county clerk's office from the time the bill was filed and injunction issued.—*Held*, that, although the board of freeholders were not parties to this suit, the payment of the money by the county collector, and its reception by the defendant, were palpable violations of the injunction.

---

Bill for injunction. On order to show cause why attachment should not issue.

*Mr. A. Hugg*, for complainants.

*Mr. C. G. Garrison*, for defendants.

THE CHANCELLOR.

The complainants, taxpayers and citizens of Camden county, brought this suit to restrain the collector of that county from paying, and the deputy clerk from receiving, any money for salary of the latter under the act of 1882, entitled "A supplement to an act entitled 'An act concerning clerks of counties in this state,'" by which it was provided that in all counties where the county clerks then were paid by annual salary, the deputy clerk should receive the sum of $2,000 per annum, to be paid to him in quarterly payments by the collector of the county. *P. L. of 1882 p. 195.* A former act (of 1876) created the office of deputy clerk, and provided that no additional compensation should be paid to such deputy clerks by the counties. *P. L. of 1876 p. 289.* The bill attacked the law of 1882 as being unconstitutional. On the filing of the bill an injunction was ordered and issued, restraining the collector from paying, and the deputy clerk from receiving, out of the funds of the county, the salary of the latter, under the act of 1882. The writ was duly served on both. Afterwards the injunction was modified so as to permit the deputy clerk to bring an action or actions at law for his salary under the act, but continuing the restraint against paying or receiving, except upon judgment obtained in such action or actions. The injunction was served July 18th, 1884, and the order modifying it was made on the 29th of the same month. Suit was brought at law soon afterwards, but it was undefended, and a judgment was entered therein September 1st, 1884, for $168.32, the balance ($166.66) of salary for the quarter ending July 1st, 1884, and interest thereon, besides $27.40 costs of suit. On the 9th of October following, the board of chosen freeholders passed a resolution "that the deputy clerk be paid the sum of $160 per month by the county collector for his services rendered in and about the county clerk's office; said salary to commence June 1st, 1884." Under that resolution

the collector paid to the deputy clerk, and the latter received $640 for the salary of the latter, from June 1st to October 1st. No payment was made on account of the judgment, which, as before stated, was for salary under the act up to July 1st. Mr. Morgan, the deputy clerk, testifies that after the bill was filed he continued to devote his entire time and services to the county in and about the clerk's office, and after some months had passed he presented a bill for his services to the county; that he saw several of the chosen freeholders, and told them that he was barred by an injunction from claiming or collecting any salary as deputy clerk under the act of 1882, and that it rested with them to say whether he should quit or work for nothing, or whether they would pay him what they thought his services were worth to the county independently of the act, and that the resolution was subsequently passed. The collector, Mr. Hollock, swears that he considered himself bound to pay the money according to the resolution, seeing that the payment was not under the act.

The act of 1876 provided that no additional compensation should be paid to the deputy clerks by the counties. By additional compensation, was meant pay in addition to what the deputies might receive from their employers, the clerks—that is, they were to receive no pay from the counties. The deputy clerk of Camden was, when this resolution was passed, entitled to no pay from the county, unless he was entitled to it under the act of 1882. Not only so, but the act of 1876 provided that none should be paid to him. His right to receive pay under the act of 1882 was denied by the bill, and he was prohibited by the injunction from receiving it until the further order of the court to the contrary. And the collector was in like manner commanded not to pay it. Nevertheless, by a proceeding designed to evade the injunction and to do substantially the thing prohibited, notwithstanding the interdict, the collector paid and the deputy clerk received salary at the rate of $160 a month, or $1,920 a year, out of the county treasury, for services as deputy clerk up to the 1st of October. It is to be observed that the resolution was not passed until October 9th, and its provisions

Gibbs *v.* Morgan.

covered all the time for which the deputy clerk claimed salary under the act; for it appears by the record of the judgment that he had been paid his salary up to June 1st, when the bill was filed. It is also worthy of note that the salary under the act was $166.66⅔ per month; that given by the resolution was $160 a month. As matters now stand, if the injunction shall be dissolved, he will be entitled to receive for his services pay under the act at the rate of $2,000 a year, and under the resolution, also, at the rate of $1,920 a year—that is, allowing both, at the rate of $3,920 per year. He has a judgment against the county for one month's salary (for June) under the act, so that, unless he has agreed to accept the pay under the resolution instead of the salary, he will have a claim to two salaries out of the county treasury for the same services. If there was an understanding between him and the board of chosen freeholders that the salary under the resolution should be substituted for that given by the act, then the breach of the injunction is obvious. The proceeding by which the injunction has been violated is a manifest, palpable and confessed subterfuge. It is as if the court should enjoin the payment of money upon a contract for services, and in defiance of the injunction, payment should be made, accompanied with a declaration that it was not made under the contract, but for the services which were the subject of it, and that the payment was not at the contract price, but at one which seemed just, irrespective of the terms of the contract, although it might be the same, or even a greater price. The breach of the injunction would be too plain to admit of any attempt at denial. So here the defendants claim (and that is all the defence) that the salary was not paid under the act at all, but was paid under the resolution, because it could not, by reason of the injunction, be paid under the act. The act of 1876 declares that no compensation shall be paid to the deputy clerks by the counties. Therefore, unless the deputy clerk in this case was entitled to his salary from the county under the act, it was not lawful to pay it to him.

The defendants urge that the board of chosen freeholders were not parties to the suit, and hence were at liberty, so far as this court was concerned, to pass the resolution and pay the salary,

although the payment of the salary was illegal.  But the collector and the deputy clerk were amenable to this court and were under its interdict, and it appears, clearly, that they both fully understood that the plan of paying the salary under the resolution was devised merely as a means of doing that which the injunction forbade—of making the payment in spite of the injunction.  They must be both adjudged guilty of contempt.  There will be an order for an attachment accordingly.